IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SOLOMON COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:24-CV-479-MHT-KFP |
| | ) |
| HOUSTON COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Solomon Cooper filed this 42 U.S.C. § 1983 action on August 7, 2024. Plaintiff submitted a Motion for Leave to Proceed In Forma Pauperis. Doc. 5. The motion, however, did not include the required documentation from the inmate account clerk. The Court, therefore, did not have the information necessary to determine whether Plaintiff should be allowed to proceed in forma pauperis and entered an Order on September 3, 2024, requiring Plaintiff to provide the Court with this information by September 17, 2024. Doc. 6. The undersigned informed Plaintiff that his failure to comply would result in a recommendation this case be dismissed. *Id.* at 2. To date, Plaintiff has not filed the required documentation or otherwise complied with the Court's Order.

Because of Plaintiff's failure to comply, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where litigant has been forewarned). The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b)

of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo,* 864 F.2d at 102. Here, the Court finds dismissal of this case is warranted and no lesser sanction will suffice because Plaintiff has willfully disregarded the orders of the Court and failed to properly prosecute this cause of action, and he was forewarned that such failures could result in dismissal of the case.

For the above reasons, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

Further, it is ORDERED that by **November 1, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-

to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th CIR. R. 3–1.

DONE this 18th day of October, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE